Flynn & Wietzke, PC
1205 Franklin Avenue, Suite 370
Garden City, NY 11350
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

JOSEPH J. BARO

                Plaintiff,

   -against-                           <u>COMPLAINT</u>

NEW JERSEY TRANSIT RAIL OPERATIONS,
INC., and "JANE DOE 1-100"

                Defendants.

-------------------------------------------------------------X

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

     Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the defendant and

alleges:

     <u>FIRST:</u>  This action is brought under the Federal Employers' Liability Act, (45

U.S.C. Sec. 51 et seq.).

     <u>SECOND:</u>  The defendant is a corporation engaged in interstate commerce by rail

and operates a railroad system and railroad yards within the jurisdiction of this Court and

in various other States.

     <u>THIRD:</u>  That prior to February 13, 2013, and at all time hereinafter mentioned, the

defendant employed the plaintiff as a machinist under its direction, supervision and control

and in furtherance of defendant's business in interstate commerce.

     <u>FOURTH:</u>   That prior to February 13, 2013, and at all times hereinafter

mentioned, the defendant maintained, operated and controlled the Locomotive Shop in

Kearny, New Jersey, which contained defendant's tracks, rails, switches, sidings,

roadbeds and appurtenances thereto, over, through and upon which the defendant

maintained engines, trains, cars, and equipment under its control and direction.

FIFTH:        That on or about February 13, 2013, while the plaintiff, an employee

of the defendant, was in the performance of his duties as a machinist and he was severely

injured while working at the Locomotive Shop Drop Table.

SIXTH:        On the aforementioned date and time, Plaintiff was injured when a

chain hoist broke causing his right hand to be crushed.

SEVENTH:    Defendant owed to Plaintiff a non-delegable duty to provide a

reasonably safe place in which to perform his work.

EIGHTH:        The aforementioned and resulting injury to Plaintiff was caused by the

negligence of Defendant, its agents and employees in that:

a. It failed to use due care to furnish Plaintiff with a reasonably safe place in which

to work;

b. It failed to properly maintain and repair the chain hoist;

c. It failed to warn Plaintiff of the presence of dangerous conditions when operating

the chain hoist;

d. It was otherwise careless, reckless and negligent and in violation of OSHA

regulations.

e. It failed to provide adequate personal protection equipment to the plaintiff.

NINTH:        As a result of the said occurrence, Plaintiff was seriously, painfully

and permanently injured about his body and limbs, resulting in injuries to his hand and

fingers which required hospital and medical care; and it is probable that further medical

care will be required in the future; he has sustained substantial and continuing pain,

suffering, agony and mental anguish in the past, present and probably will continue to

sustain the same far into the future, and has further sustained a permanent disability to his leg as a result of his injury.

TENTH:      As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past and will in the future incur substantial medical and other expenses in an effort to cure and rehabilitate himself from these injuries.

ELEVENTH:  As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past and will in the future suffer a severe loss of earnings and an impairment of his earning capacity, much to his great detriment and loss.

TWELFETH: As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past, and will in the future suffer great physical pain and suffering, mental anguish, a loss of the enjoyment of life, a diminishment of the quality of life, and other losses, to his great mental, physical, financial and emotional harm.

THIRTEENTH:  That the plaintiff was damaged thereby in the sum of $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of ONE MILLION ($1,000,000) DOLLARS; together with the costs and disbursements of this action.

Flynn & Wietzke, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234


By:_____s/ Marc Wietzke_____
    MARC T. WIETZKE (MW1551)